UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
F I L E D

**AUG 2 2 2005**

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-135 - WOB

RICKEY E. WHEAT                                    **PLAINTIFF**

VS.                    <u>MEMORANDUM OPINION AND ORDER</u>

CROUNSE CORPORATION
AND
M/V JEAN AKIN                                      **DEFENDANTS**


This matter is before the court on plaintiff's motion to amend
the court's memorandum opinion and order of June 13, 2005 (Doc.
#27), defendant's opposition thereto (Doc. #30), and plaintiff's
reply (Doc. #31).

Plaintiff filed this complaint on June 24, 2004, invoking both
the Jones Act, 46 U.S.C. § 688, and the court's admiralty and
general maritime jurisdiction. (Doc. #1) Plaintiff made no jury
demand.

Defendants filed their answer on July 6, 2004, including a
jury demand "on all issues and all claims set forth in Plaintiff's
Complaint and all defenses thereto." (Doc. #2)

Following oral argument on a venue issue on June 10, 2005,
this court put on a final pretrial order setting the case for a
jury trial on December 16, 2005. (Doc. #26) Plaintiff then filed
the present motion arguing that this case should be tried to the
bench instead of a jury. Plaintiff's argument is well-taken.

It being undisputed that there is no right to a jury trial on plaintiff's claims insofar as they arise under the court's general maritime jurisdiction, the only issue in dispute is whether the defendant may properly demand a jury on plaintiff's Jones Act claims where the plaintiff has declined to do so.

The federal courts have unanimously interpreted the election contemplated by the Jones Act to proceed at law or admiralty as giving only the injured seaman the right to demand a jury. *See Panama Railroad Co. v. Johnson*, 264 U.S. 375, 392 (1924) (rejecting due process challenge to Jones Act "election" clause which "permits injured seamen to elect between varying measures of redress and between different forms of action without according a corresponding right to their employers); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 475-76 (9th Cir. 1994) (holding that Jones Act confers right to demand jury trial only upon plaintiff, and defendant has no jury trial rights under the Act); *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1488 n. 16 (5th Cir. 1992) (same); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1212 (5th Cir. 1986) (employer has no constitutional right to jury trial on Jones Act claims).

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion to amend the court's memorandum opinion and order of June 13, 2005 (Doc. #27) be, and is hereby, **GRANTED**. The court's final pretrial order (Doc. #26) be,

2

and is hereby, **AMENDED** to reflect that the trial set in this matter for Tuesday, January 17, 2006 at 10:00 a.m. shall be a trial to the **bench** and not to a jury.

This 22nd day of August, 2005.

**WILLIAM O. BERTELSMAN, JUDGE**

3